|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN THE MATTER OF A COMPLAINT OF ROBERT and JUDY WILLCOXSON, Registered Owners of the 42-foot 1985 Chris Craft Catalina 425, Official No.: 935279, HIN: CCNCB145J485, her engines, tackle, apparel, *etc*. in a cause of Exoneration from or Limitation of Liability | CASE NO. 06-CV-987 J (CAB)<br><br>**ORDER FOLLOWING HEARING ON EX PARTE MOTION TO STAY DISCOVERY AND TRIAL PROCEEDINGS**<br>**[Doc. No. 63.]** |
| --- | --- |

    On May 21, 2008, the Court held a telephonic hearing on Claimant Northern Insurance Company of New York's ("Northern") Ex Parte Application for a Temporary Stay of Discovery and Trial Proceedings. Plaintiffs-in-Limitation Robert and Judy Willcoxson ("Willcoxson") submitted a Conditional Non-Opposition. Geoffrey Robb, Esq., appeared for Willcoxson. Doug Holthaus, Esq., appeared for Claimant Northern. Roza Crawford, Esq., appeared for Claimant Old United. Roger Dyer, Esq., appeared for Claimant Marriot. David Holnagel, Esq., appeared for Claimant Progressive. Having considered the submissions of the parties and the arguments of counsel, Northern's Application is **GRANTED in Part** and **DENIED in Part**.

    Northern requested a 90-day stay of this matter because its primary counsel of record, Mr. Holthaus, is undergoing cancer treatments. Northern requested the temporary stay of

discovery and trial proceedings to accommodate its counsel's treatment for his medical condition. Although the application requested a 90-day stay, to approximately the end of July, during the telephonic hearing Mr. Holthaus indicated that he anticipated being able to resume activity in this matter in September.

Although no party objected to the request, Willcoxson proposed a 30-day stay to allow Northern to associate in counsel so the litigation can proceed. Discovery in this matter is substantially complete.[1]  Expert reports were exchanged on April 25, 2008, with the exception of a report from Northern.  Willcoxson contends that Northern should make alternative arrangements for its representation while Mr. Holthaus is unavailable.  The case has been pending for two years. Mr. Willcoxson is 72 years old and Mrs. Willcoxson is 68 years old.  An indefinite delay in the resolution of this matter is unfair to them and the other claimants.

The Court joins the parties in their concern and sympathy for Mr. Holthaus' condition. There is, however, some uncertainty as to when Mr. Holthaus will be able to resume responsibility for his client's representation.  Under the circumstances, the Application for a Temporary Stay is **GRANTED until July 1, 2008**.  Discovery not involving Northern must be concluded.  The dates for exchange of supplemental expert reports, the discovery cutoff, the motion cutoff date, and the Mandatory Settlement Conference scheduled for June 2, 2008, are **VACATED**.

A telephonic status conference will be held on **July 1, 2008**, at **9:00 a.m.**, to issue a revised Scheduling Order and schedule a Settlement Conference.  A representative of Northern is required to appear with Mr. Holthaus, unless Northern files a notice of association of counsel prior to that date, in which case new counsel must appear.

**IT IS SO ORDERED**.

Dated: May 27, 2008

CATHY ANN BENCIVENGO
United States Magistrate Judge

---

[1] Counsel for Willcoxson indicated there are some supplemental responses due from Claimants other than Northern and that the discovery will be completed shortly.